FILED
2015 Sep-09 AM 09:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **KENNETH WAYNE PATTON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 4:15-CV-540-VEH |
| | ) |
| **ETOWAH COUNTY, ALABAMA,** | ) |
| **TODD ENTREKIN, JONATHAN** | ) |
| **SHADWRICK, SCOTT HASSELL,** | ) |
| **and MIKE O'BRYANT,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Kenneth Wayne Patton filed this action under 42 U.S.C. § 1983 alleging that his Fourteenth Amendment rights were violated when he was beaten while he was a pretrial detainee at the Etowah County Detention Center (ECDC). Named as defendants in the lawsuit are Etowah County, Alabama, Todd Entrekin, the Sheriff of Etowah County, Scott Hassell, Chief Deputy of Detention at ECDC, Mike O'Bryant, a "Compliance Sargent" [sic] at ECDC, and Jonathan Shadwrick, the Booking Deputy at ECDC at the time of Patton's detention.

After Patton filed his complaint, the defendants moved pursuant to Rule 12(b)(6) to dismiss it. The motions are **DENIED WITHOUT PREJUDICE**, and Patton is **ORDERED** to submit an amended complaint.

## I. Background

Patton was arrested on April 9, 2013, for a domestic violence charge and was held at ECDC. Doc. 1, ¶ 11. During his booking, Patton informed Jonathan Shadwrick that Patton was a correctional officer at another facility and requested that he be held in an isolated cell, separate from the general population of the ECDC. Doc. 1, ¶ 12–13. Patton did not receive his requested accommodations. Doc. 1, ¶ 14. Thereafter, he was placed in a holding cell with an inmate named Moses Reyes. Doc. 1, ¶ 14. Another inmate, Denzil Beck, who was married to Patton's first cousin, punched his fist into the open palm of his hand—imagine the gesture that an archetypal schoolyard bully would make toward a meeker child—as a means of urging Reyes to attack Patton. Doc. 1, ¶ 15–16.

Patton received a beating in short order, prompting Beck to give a celebratory fist bump to another inmate, Henry Kicklighter. Doc. 1, ¶ 17. After the assault, ECDC's staff nurse, Tiffany Dann, recommended that Patton be transported to the Riverview Medical Center in Gadsden, Alabama, where he was treated for cuts and lacerations to his face, and a broken tooth and nose. Doc. 1, ¶18–19.

## II. Applicable Legal Standard

To survive a motion under Rule 12(b)(6) and comply with Rule 8, a complaint must "contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of a cause of action's elements, supported by mere conclusory statements," are insufficient to state a cause of action. *Id.* A district court has inherent authority to order repleader where the initial pleading is so defective as to give defendants—and the Court—inadequate notice of a plaintiff's claims. *Magluta v. Samples*, 256 F.3d 1232, 1284 n. 3 (11th Cir. 2001).[1]

**III. Discussion**

While the foregoing facts were alleged in the complaint, to quote the defendants, "it is noteworthy what these allegations do not include." Doc. 9, ¶ 4. Here is one omission: "[F]air notice of what the. . .claim is and the grounds upon which it rests." *Twombly v. Bell Atlantic Co.*, 550 U.S. 544, 555 (2007) (quoting

---

[1] The court notes that Patton provides more information in his opposition to the defendants' motions, but the Rules of Procedure require that claims be set out in the complaint— not in briefs.

*Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Instead, Patton has submitted a textbook example of a Type III[2] shotgun pleading. Every complaint must comply with Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." It is clear that Patton has suffered an injury, but the issues of who caused the injury—and why they should be accountable to Patton—are obscured.

Specifically, the complaint is inadequate in that it names five defendants, yet only Shadwrick's actions are described therein. But even this statement is based upon the assumption that Shadwrick is the Booking Deputy described in paragraphs 12 and 13. In repleading, Patton must affirmatively allege that Shadwrick (or some other named person) is the Booking Deputy so described. No factual basis is stated for Patton's claims against Haskell, Entrekin, and O'Bryant—only legal conclusions. In paragraph 21, someone, but it is not clear who, "with deliberate indifference to the safety of Patton, failed to" place Patton in a "special management status." This is the *closest* the complaint comes to describing a "sufficient factual matter," *Iqbal*, 556 U.S. at 678, to support Patton's

---

[2] *See Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) (attempting to taxonomize the different kinds of shotgun pleadings that have been examined by the Eleventh Circuit, and describing a Type III shotgun pleading as "one that commits the sin of not separating into a different count each cause of action or claim for relief.").

claims, but, in the absence of a definite statement about *which* defendant(s) is(are) alleged to have unlawfully harmed Patton, the complaint fails to "[show] that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

As to defendant Etowah County, there are no factual allegations describing who is a policymaker for the county, what the complained-of policy is, how that alleged policy caused Patton's injury, or whether Etowah County actually follows any custom or has promulgated any policy in this case. *See Connick v. Thompson,* 563 U.S. 51 (2011); *Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978). Rather, Patton merely conclusorily asserted that Etowah County's failure "to properly fund and supervise" caused ECDC to create a custom or policy.[3] Doc. 1, ¶ 27. As is, the Court cannot determine whether Patton claims ECDC, Etowah County, both, or someone else is the party responsible for creating the alleged custom or policy.

Finally, in the only count in the complaint, "Count I – 42 U.S.C. § 1983 – : Deliberate Indifference to Inmate Safety," Doc. 1 at 4, Patton asserts liability against all five defendants. Further, the paragraphs under that heading contain a bricolage of references to independent doctrines in civil rights litigation: "supervisory officials," Doc. 1, ¶ 26, "inaction of properly training," Doc. 1, ¶ 26,

---

[3] Exactly what *that* custom or policy is is also unclear.

"customs and policies," Doc. 1, ¶ 27, "failing to properly fund," Doc. 1, ¶ 27, and "[failing to properly] supervise." Doc. 1, ¶ 27. Because of Patton's failure to comply with Rule 10(b),[4] the court is unable to discern exactly how many causes of action Patton is asserting, against whom he asserts which one(s), and whether he asserts primary or vicarious liability. To borrow a phrase, talismanic recitations of doctrinal buzzwords will not do. *Cf. Iqbal*, 550 U.S. at 678 ("[A] formulaic recitation of the elements of a cause of action will not do.").

  This complaint is a "model 'shotgun' pleading of the sort [the Eleventh Circuit] has been roundly, repeatedly, and consistently condemning for years." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 980 (11th Cir. 2008). Such a complaint turns the logic of Rules of Civil Procedure on its head, making topsy-turvy of their purpose; complaints are intended to be drafted "as clearly and definitely as possible." *Id.* at 979. When these sorts of pleadings proliferate, "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. District Bd. of Trustees of Cent. Florida*

---

[4] FED. R. CIV. P. 10(b): **Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense.

*Community College*, 77 F.3d 364, 367 (11th Cir. 1996).

For the foregoing reasons, this Court is exercising its inherent authority to order that an amended complaint be filed. The amended complaint must rectify all deficiencies noted in this opinion and be filed within 30 days of the date hereof.[5]

**DONE** and **ORDERED** this 9th day of September, 2015.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[5] In light of the foregoing, defendants' motions to dismiss (Docs. 8, 10, and 12) are **DENIED** without prejudice.